IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WENDELL K. CROWLEY, | Civil Action No.: 4:10-1344-MGL |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| UNITEDHEALTH GROUP INCORPORATED and SEDGWICK CLAIMS MANAGEMENT SERVICES INCORPORATED, | |
| Defendants. | |

This matter is before the Court upon a Bill of Costs filed by Defendant. The Court entered summary judgment in favor of Defendant on April 25, 2013. The Defendant timely submitted a Bill of Costs in the amount of $350.00 for court costs. Plaintiff filed objections to the Bill of Costs on October 28, 2013. For the reasons set forth below, the Court denies Defendants' request for costs.

## LEGAL STANDARD

According to the Federal Rules of Civil Procedure, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). As such, there is a presumption in favor of awarding costs to a prevailing party. *See Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir.1994); *see also Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir.1999). Accordingly, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party. *Id.* (*citing Teague*, 35 F.3d at 996).

1

To overcome the presumption favoring the prevailing party and to deny that party costs, the court must articulate some "good reason" for doing so. *Teague*, 35 F.3d at 996; *see also Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir.1990). Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided. *Id.* (*citing Cherry*, 186 F.3d at 446). Ultimately, the court has discretion to award or deny costs to the prevailing party. *Cherry*, 186 F.3d at 446.

## DISCUSSION

In this case, there is no suggestion of misconduct by Defendants, the prevailing party. The court finds that the costs are not excessive, and that Defendants' victory is not of limited value. Thus, the first, third, and fourth factors favor assessing costs against Plaintiff. As to the fifth factor, there is no dispute that the issues were close and difficult. This factor weighs in favor of denying Defendants' bill of cost, as does Plaintiff's good faith in pursuing the action.

The remaining question is whether Plaintiff has the ability to pay costs. Plaintiff contends that he is unable to pay the costs of this action. Plaintiff asserts *inter alia* that he has not worked since 2009 and suffers from financial hardship as his health and financial situation have not improved since he left work in 2009. Thus, the second factor weighs in favor of Plaintiff.

## CONCLUSION

Upon review, the court finds that the instant case was "relatively close and difficult,"

*see Teague*, 35 F.3d at 996, and that the parties and their counsel acted in good faith in the prosecution and defense of this matter. The court further finds that Plaintiff is unable to pay the costs due to his financial hardship. Under these circumstances, the court finds it would be inequitable to award costs in this case. Accordingly, the court denies Defendants' bill of costs.

      IT IS SO ORDERED.

                                            /s/Mary G. Lewis
                                            United States District Judge

November 12, 2013

Florence, South Carolina